FILED IN CHAMBERS
THOMAS W. THRASH JR.
U.S.D.C. Atlanta

JAN 2 2007

JAMES N. HATTEN, Clerk
By_____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| RICHARD L. STEWART,<br>Plaintiff, | : | PRISONER CIVIL RIGHTS<br>42 U.S.C. § 1983 |
| v. | : | |
| CHEROKEE COUNTY JAIL,<br>Defendant. | : | CIVIL ACTION NO.<br>1:06-CV-2945-TWT |

### ORDER and OPINION

Richard L. Stewart, presently confined in the Cherokee County Jail, in Canton, Georgia, submitted a letter that the Clerk of Court filed as a 42 U.S.C. § 1983 civil rights complaint against the Cherokee County Jail. (Doc. No. 1.) In the letter–addressed to "Sir/Madame" and naming no adverse party–Stewart begins with the following, "I don't know who to contact or what to do at this point?" Stewart then explains that (1) in July 2006, a deputy poked and badly injured his eye while arresting him; (2) he believes the injury to his eye is affecting his balance and caused him to fall down a flight of stairs and injure his back, hip, leg, and neck; and (3) he has received inadequate treatment for his injuries.  Stewart states that he currently is suffering headaches, worsening vision, and dizziness and has no one to check on him or help him. Stewart then concludes with the following, "I don't know where to get

help? If you can not help, yourself, could you give a copy of this to someone who can? There are a lot of problems at this jail that need scrutiny from the outside." (Id.)

Steward does not name or identify any adverse party and the tone of his letter indicates a desire to receive general help and guidance rather than a wish to bring an adversarial action against any defined party at this time. This Court's role is strictly judicial–resolving actual cases and controversies between adverse parties. Preiser v. Newkirk, 422 U.S. 395, 401 (1975). That role does not extend to offering general help and guidance. Accordingly, it is found that Stewart did not intend to file a complaint at this time.

In the event Stewart decides that he wishes to pursue a civil rights action in this Court, he must (1) submit a form complaint that complies with the instructions below and (2) pay the required filing fee or seek leave to proceed in forma pauperis. The complaint should designate a defendant or defendants, clearly detail the steps taken to exhaust administrative remedies within the jail, provide this Court with only factual allegations concerning events in which Stewart himself suffered some injury, clearly identify each defendant responsible for that injury, omit any legal argument or conclusion, and state the relief sought.

AO 72A
(Rev.8/82)

For the reasons stated above,

**IT IS ORDERED** that the instant civil action is **DISMISSED WITHOUT PREJUDICE**.

The Clerk of this Court is **DIRECTED** to forward Stewart a financial affidavit form and the appropriate form complaint and instructions.

**IT IS SO ORDERED**, this  26  day of  December , 2006.

*Thomas W. Thrash*
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

3

AO 72A
(Rev.8/82)